NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEILA HOBSON, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 02-CV-362 (DMC) |
| DONALD C. CAMPOLO, et al, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Donald C. Campola, Robert D. Laurino, Lewis Becker, Paul Ortalani, James Gold, Louis Portella, Vincent Byron, Kenneth Reed, and Joseph Socci ("the Defendants"), for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on all counts of the Complaint filed by Sheila Hobson ("Plaintiff"), except Plaintiff's assault claim against Kenneth Reed . No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure.  For the reasons set forth below, Defendant's motion is **granted** in part and **denied** part.

## I. BACKGROUND

Plaintiff brought this action against Defendants, her former employer and co-workers, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"); the New Jersey Law Against Discrimination ("LAD"), N.J. Stat. Ann.§ 10:5-2.1;  and common law. (Plaintiff's Amended

Complaint ("Pl. Am. Comp.") at 2).

Plaintiff is an African-American female, born July 28, 1946. (Plaintiff's Certification in Opposition to Defendants' Motion for Summary Judgment ("Pl. R. 56(e) Stmt.) at 4). Plaintiff began working for the Essex Country Prosecutor's Department in May, 1990. (Id. at 1). In 1996, Plaintiff became the first female investigator to work in the homicide department. (Id.) Plaintiff worked in this department for about three years until she was promoted to Acting Lieutenant in January, 1999. (Id. at 4). Plaintiff alleges co-workers harassed her during her time in the homicide department due to her race, sex, and age. (Id. at 1-2). Plaintiff states the harassment continued even after her promotion. (Id. at 3).

On December 1, 1999, Defendants served Plaintiff with disciplinary charges regarding an incident that occurred during the surveillance of a male probation officer. (Id. at 5). On January 14, 2000, Plaintiff was again served with disciplinary papers, which notified her that her title of Acting Lieutenant was suspended. (Id.) After her title was suspended, Plaintiff was reassigned to the Criminal Judicial Processing Unit. (Id.)

The Internal Affairs Department of the Essex County Prosecutor's Office conducted an investigation through February and March 2000 addressing Plaintiff's conduct during the surveillance and the disciplinary charges. (Id.) On October 17, 2000, the Prosecutor issued a decision. (Defendant's Statement of Facts ("Def. 56.1 Stmt.") No. 38). The charge of unfavorable conduct was sustained, but the charges of insubordination and false statement were dismissed. (Id.) As a result, Plaintiff was assigned to the position of Investigator retroactive to November 29, 1999. (Pl. R. 56(e) Stmt. at 6).

On July 14, 2000, Plaintiff filed a charge with the Equal Employment Opportunity

Commission ("EEOC") claiming Defendants discriminated against her due to her sex and age. (Id. at Ex. A). In her charge, Plaintiff claimed she received a discipline notice because she rejected advances made by her male superior. (Id.). Plaintiff also stated she believed she was "denied the same terms and conditions of employment" offered to her male counterparts and she was denied the opportunity to become a permanent Lieutenant. (Id.)

On July 26, 2000, Plaintiff retired from the Essex Country Prosecutor's Office, which she alleges was constructive discharge. (Id. at 1). Plaintiff filed another charge with the EEOC on April 11, 2001, alleging that in addition to her sex and age, she was also discriminated against because of her race. (Id. at Ex. C). Plaintiff claimed she was demoted to Investigator for unsubstantiated reasons and that she was assaulted by one of her superiors. (Id.) The EEOC dismissed Plaintiff's complaints on October 26, 2001, stating it was unable to conclude Defendants violated any statutes. (Id. at Ex. D). Plaintiff then filed a Complaint before this Court on January 24, 2002.

## II. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing either (1) there is no genuine issue of fact and it must prevail as a matter of law; or (2) that the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden. Celotex, 477 U.S. at 331. If either showing is made then the burden

shifts to the non-moving party, who must demonstrate facts that support each element for which he bears the burden and must establish the existence of genuine issues of material fact. Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, Fed. R. Civ. P. 56(e), but must produce sufficient evidence to support a jury verdict in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

### B. Quid Pro Quo Claim under Title VII

Title VII makes it unlawful for employers to "discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The United States Supreme Court has interpreted this language as evidencing Congress' intent to "strike at the entire spectrum of disparate treatment of men and women" in employment context, which includes sexual harassment. Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986). A plaintiff may establish her employer violated Title VII by bringing either a quid pro quo claim or a hostile work environment claim. Burlington Indus., Inc. V. Ellerth, 524 U.S. 742, 753 (1998).

In order for a plaintiff-employee to bring a successful quid pro quo claim, he or she must show they either (1) submitted to sexual advances of an alleged harasser, or (2) suffered any tangible employment effects as a consequence of refusing such advances. Id. at 754. If a plaintiff can not prove either (1) or (2), they may not bring a quid pro quo claim. Id. If a plaintiff does not have a quid pro claim, she may file a hostile work environment claim to show her employer violated Title VII. Id. Here, Plaintiff does not claim she submitted to sexual advances, nor does she claim she suffered from any tangible effects from refusing sexual

advances. (See Pl. Comp.) Plaintiff therefore fails to assert a successful quid pro quo claim under Title VII and her quid pro quo claim is dismissed.

### C. Plaintiff's Remaining Claims

Issues of material fact exist as to Plaintiff's remaining claims. Defendant's request for summary judgment regarding those claims is therefore denied.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion for partial summary judgment is **granted** in part and **denied** in part. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: October 17, 2005
Original: Clerk's Office
Cc: All Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File