NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SHEILA HOBSON, | : | Hon. Dennis M. Cavanaugh |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 02-CV-0362 (DMC) |
| DONALD C. CAMPOLO, *et al*, | : |  |
| Defendants. | : |  |

DENNIS M. CAVANAUGH, U.S. District Judge

This matter comes before the Court pursuant to Rule 78 of the Federal Rules on motion by Plaintiff Sheila Hobson ("Hobson"), for the reopening of the case and, subsequently, the enforcement of judgment. For the reasons set forth below, Plaintiff's motions are **denied.**

## BACKGROUND

In the underlying Title VII action, Plaintiff, a former officer with the Investigative staff of the Essex County Prosecutor, sought recovery against Defendants, alleging, among other things, employment discrimination on the basis of race, gender and/or age.

The parties reported that they reached a settlement in the matter on February 3, 2006. This Court, issued a Dismissal Order on that day. The Dismissal Order included the right, by either party upon good cause shown, to reopen the action within 60 days if the settlement was not

consummated.  The parties never submitted a signed settlement agreement to this Court.

Citing recalcitrance on the part of Defendants, Plaintiff filed a motion to reopen on March 28, 2006.  Thereafter, this Court requested that the parties submit their written settlement agreement..  Upon review of the settlement agreement, it is clear that Plaintiff did not sign the agreement until June 27, 2006.  Defendant affixed his signature on July 10, 2006.  Both dates are well beyond the 60-day provision allowing for the reopening of this case.  Thus, the 60-day provision had long since expired by the time both parties signed the agreement.  There was, therefore, no settlement available that this Court could have interpreted and enforced at the time of the filing of Plaintiff's Motion to Reopen.

Plaintiff then filed a Motion to Enforce the settlement and Enter Judgment on October 18, 2006; citing Defendants' alleged breach of the settlement agreement.

### **DISCUSSION**

Motion to Reopen

As explained above, this Court issued a Dismissal Order on February 3, 2006.  That Order allowed for a motion to reopen the case upon good cause shown, if such a motion were made within 60 days of February 3, 2006.  On March 28, 2006, Plaintiff filed a Motion to Reopen.

A review of the written agreement demonstrates that the parties did not execute the settlement until July 10, 2006.  This Court could not possibly have judged good cause sufficient to reopen the case without the availability of a finalized settlement agreement.

Plaintiff's motion could not have been granted at the time it was filed without a settlement in place.  The parties did eventually agree to the terms of a settlement on July 10,

2006.  The 60-day provision in this Court's Dismissal Order, however, had long-since expired.  Plaintiff's Motion to Reopen, therefore, is denied.

Motion to Enforce Settlement and Enter Judgment

Plaintiff filed a Motion to Enforce Settlement and Enter Judgment on October 18, 2006.  More specifically, Plaintiff's ask that this Court order Defendants to supply all information, execute all documents and otherwise promptly and completely cooperate with the New Jersey Police and Fireman's Retirement System; and that this Court Order Defendants to pay Plaintiff a sum equal to the net back pay portion of the settlement; that this Court order the Defendants to issue to Plaintiff a Lieutenant's badge and identification; and award attorney fees to Plaintiff's counsel.

The law is clear that "[e]nforcement of [a] settlement agreement...whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379 (1994).  The Supreme Court has held that "when a federal district court dismisses an action pursuant to a settlement agreement, that court lacks jurisdiction to enforce that settlement agreement unless the obligation of the parties to comply with the settlement agreement is made part of the dismissal order or there is an independent basis for exercising jurisdiction."  Id.

There are two ways in which a district court can make compliance with a settlement agreement part of a dismissal order, thereby ensuring that it has subject matter jurisdiction to enforce a breach of that agreement:

> The situation would be quite different if the parties' obligation to

>comply with the terms of the settlement agreement had been made part of the order of dismissal--either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.
>
>Kokkonen, 511 U.S. at 381.

This Court's Dismissal Order states:

>IT IS on this 3rd day of February, 2006,
>
>ORDERED THAT this matter be and hereby is dismissed without costs and without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement is not consummated.

The Order contains no provision by which this Court retained jurisdiction over the settlement. The only other way that this Court could have retained subject matter jurisdiction over the settlement, pursuant to Kokkonen, is if the Dismissal Order incorporated the terms of the agreement. Id.

This Court's Dismissal Order does refer, albeit very briefly, to the settlement between the parties. In holding that mere reference or mention of a settlement in a dismissal order is insufficient to confer subject matter jurisdiction over the settlement itself, the Third Circuit explained that "[t]he phrase 'pursuant to the terms of the Settlement'" fails to incorporate the terms of the Settlement Agreement into the order because [a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order.'" In re: Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 274 (3d Cir. 1999) (quoting Miener v. Mo. Dep't of Mental Health, 62 F.3d 1126, 1128 (8th Cir. 1995)).

This Court would have been unable to incorporate the specific terms of the Settlement Agreement between the parties in this case.  The Settlement was not memorialized until July 10, 2006.  This Court's Dismissal Order was filed on February 3, 2006, eight months prior.  It would, therefore, have been impossible for this Court to have included the terms of the Settlement in its Dismissal Order.  Furthermore, a review of the Dismissal Order itself reveals that no terms are included and mere reference to the Settlement agreement is insufficient to make the terms part of the Order.  Kokkonen, 511 U.S. at 381.

Plaintiff's Motion to Enforce Settlement and Enter Judgment is, therefore, denied.

## CONCLUSION

Based on the foregoing, the motions by Plaintiff, Sheila Hobson, for the reopening of the case and to enforce settlement and enter judgment are **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated: 12/22/06

5